IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

REGINA FLETCHER-JONES,

    Plaintiff,

v.

PENNSYLVANIA HIGHER EDUCATION
ASSISTANCE AGENCY,

    Defendant.

Civil No. 19-618
**ELECTRONICALLY FILED**

**ORDER OF COURT**

Before the Court is Plaintiff's Motion for Reconsideration of her Request to Proceed i*n forma pauperis* ("IFP") under 28 U.S.C. § 1915.[1] ECF 3. The basis for Plaintiff's Motion for Reconsideration is that her initial Motion Requesting Leave to Proceed IFP (ECF 1), overstated her "take-home pay." ECF 3.

The Court has reviewed Plaintiff's Motion for Reconsideration and the attached documents, but still finds IFP status is not warranted. Thus, the Court will not waive the standard $400.00 filing fee based upon her supplemental documentation (ECF 3), as well as her original application and financial statement (ECF 1).

As the Court noted in its prior Opinion (ECF 2):

> The purpose of the federal *in forma pauperis* statute is to "ensure that indigent litigants have meaningful access to the federal courts." *Ball v. Famiglio*, 726 F.3d 448, 451 (3d Cir. 2013). Thus, federal courts may "authorize the commencement, prosecution or defense of any suit . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). Congress enacted this statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons

---

[1] Plaintiff sent a letter to this Court noting that her initial Motion for IFP status contained a typo regarding her "take-home" pay. The Court chose to construe the Plaintiff's letter as a Motion for Reconsideration and had it filed at ECF 3 on the docket.

from pursuing meaningful litigation. *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995).

The United States Court of Appeals for the Third Circuit instructed its District Courts to first consider a litigant's financial status and determine whether she is eligible, *i.e.*, qualifies financially, to proceed IFP, before substantively evaluating the complaint under section 1915 to determine whether it is frivolous. *Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990), *citing Sinwell v. Shapp*, 536 F.2d 15 (3d Cir. 1976). The decision whether to grant or deny IFP status rests within the sound discretion of the district courts. *United States v. Holiday*, 436 F.2d 1079, 1079-80 (3d Cir. 1971) (citing decisions from other Circuit Courts of Appeals).

A person's financial condition does not have to be in a state of "penniless destitution" in order to qualify for IFP status. *Ward v. Werner*, 61 F.R.D. 639, 640 (M.D. Pa. 1974) (*citing Adkins v. E.I. DuPont de Nemours & Co*., 335 U.S. 331, 339 40 (1948)). Although leave to proceed IFP is discretionary with the district court and "there exists no fixed net worth which disqualifies a party as a pauper . . . ," nevertheless, "the mere assertion of poverty does not serve as a substitute for indigency." *Id.*

"In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. We review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citation omitted). The decision whether to grant leave to proceed on appeal *in forma pauperis* depends solely on whether the applicant is economically eligible. *Sinwell*, 536 F.2d at 19.

This Court must be careful to avoid construing Section 1915 so narrowly that a litigant is presented with a Hobson's choice between abondoning a potentially meritorious claim or foregoing life's plain necessities. *Potnick v. Eastern State Hospital*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982); *accord Mauro v. New Jersey Supreme Court, Case Number 56,900*, 238 Fed. Appx. 791, 793 (3d Cir. 2007). But, the same even handed care must be employed to assure that federal funds are not spent to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to "pull his own oar." *Brewster v. North American Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972) (quoted in *Temple v. Ellerthorpe*, 586 F.Supp. 848, 850 (D.R.I. 1984) (citation omitted)).

ECF2, p. 1-3

Turning to the instant matter, in her Motion for Reconsideration, Plaintiff's pay stub indicates that her gross pay is $2,673.04. The stub further shows that Plaintiff contributes $208.13 to a retirement account, and has $370.00 deposited directly into her credit union account. Based on this pay stub, dated May 24, 2019, her year-to-date contributions to her credit union account totals $3,700.00. Plaintiff is currently employed and earning the above-described sums from Big Beaver Falls Area School District. Given this information, the Court does not consider the cost of the $400.00 filing fee in this case to be beyond Plaintiff's means. Accordingly, the Court will deny Plaintiff's Motion.

AND NOW, this 13th day of June, 2019, the Court DENIES Plaintiff's Motion for Reconsideration for Leave to Proceed *in forma pauperis*. ECF 3.

                                                                         s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     REGINA FLETCHER-JONES
        2816 Sixth Avenue
        Beaver Falls, PA 15010